Johs D. Bennett, S.
In this accounting by the executrix, a former wife of the decedent filed a claim for alleged arrears of alimony payments. Questions of taxability in the States of Virginia and Illinois cannot be determined, nor the respective rights of the other persons interested in this estate ascertained until the determination of the validity of this claim.
After conferences with two law assistants of this court, counsel for the parties agreed to submit the question without a hearing upon the filed papers, including memoranda of law, the facts being conceded.
The claimant and the decedent were married in Phoenix, Arizona in 1939 and there was one issue of said union. In 1953 a separation occurred and Mrs. Johnansson brought an action in the Circuit Court of Norfolk County, Virginia, for temporary alimony and child support. The same year a decree was entered awarding $250 a month as temporary alimony and support with the payments to commence September 1, 1953 and to continue monthly thereafter. On January 27, 1954 a stipulation was entered into wherein the parties, among other property settlements, agreed that the husband would pay $250 per month to his wife, the claimant, of which half would be for her support and half for the support, education and maintenance of the minor child.
Paragraph 11 of that stipulation read as follows: “ It is further understood that this stipulation is to be made part and parcel of any divorce decree entered in this cause either by incorporation by reference or by direct inclusion in the said decree.”
On March 2,1954, the court made a decree of divorce a mensa et thoro, which under the definition of the term, did not terminate the marriage but separated the parties. That decree however recited the execution of the stipulation that it had been made in accordance with the 1950 Code of Virginia, that it had been filed with the proceedings and “ the same is hereby confirmed and approved. And this cause is retained on the docket.” (Emphasis supplied.) More than six years later and on December 28, 1960 the court entered a further decree stating that the prior decree ‘ ‘ be and the same is merged into a final decree of divorce avinculo matrimonii.” Inasmuch as the child of the marriage was then self-sustaining that decree directed that the defendant should thereafter “pay unto the complainant the sum of One Hundred Twenty-five ($125.00) dollars per month as support and alimony until further order of the Court.” *474 (Emphasis supplied.) Ten years later, on December 6, 1970, the decedent died a resident of this county and his will was probated here with letters testamentary being- issued to his sister.
The main contention in opposition to the claim is that the Virginia Statute of Limitations which applied to contractual obligations, namely five years, bars any alimony obligations which came due before that period. Apparently it is conceded that Mrs. Johansson did not receive the following payments: for the calendar years of 1955, $750; 1956, $1,750; 1957, $1,550; 1958, $1,575; 1959, $1,125; 1965, $400 and 1966, $125. If the defense interposed by the estate is sustained practically all of the claim would he barred by the Statute of Limitations and the claimant would he entitled only to $125. On the other hand the claimant asserts that the 20-year Statute of Limitations applies as on a judgment under CPLB 211.
The argument of the estate is predicated on the wording of the first decree which it is said merely confirmed and approved the stipulation and therefore did not incorporate the same into the divorce decree. Meyer v. Meyer (5 A D 2d 655) is cited, that in the absence of facts showing a contrary intention, a separation agreement containing no specific provisions against merger is presumed to survive a subsequent decree of divorce and therefore the claimant is now suing on the agreement. The Meyer case concerned a distinction between incorporation and merger and it is not contrary to the determination hereinafter made for in Meyer the court dealt with an application for modification of the support, which is not the question here.
The court holds that the 20-year Statute of Limitations applies, that this court is bound to give full faith and credit to the Virginia decree in this case under section 20-109.1 of the Code of Virginia which provides inter alia that ‘ ‘ Where the court affirms, ratifies and incorporates in its decree such agreement or provision thereof, it shall he deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree. The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein ”.
As noted above, the Virginia decree of December 28,1960 contained a specific direction to the defendant to continue paying until further order of that court.
The argument on behalf of the estate that the language of the decree involved here did not ratify or incorporate the agreement of the parties is without merit. The estate is obligated on the *475 decree and not on the stipulation of the parties even though it was specifically incorporated therein in reference and the obligation by direct inclusion in the decree. The claimant’s ease is sustained by a number of New York cases including Lynn v. Lynn (302 N. Y. 193) and Matter of Bassford (91 N. Y. S. 2d 105, mod. 277 App. Div. 1128).
In this case no question has been raised of estoppel or the existence of any facts that would bar the claim on the ground of payment or other legal or equitable grounds. The court therefore allows the claim in full for the balances stated for the various years with interest.